## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
Oct 26 2018
U.S. DISTRICT COURT
Northern District of WV

**DIANA MEY**

       **Plaintiff,**

Civil Action No.:  5:18-CV-178 (Bailey)

**v.**

**STAY SAFE ALERT, INC,**
**MY MEDICAL ALERT, LLC**
**ECOMM CONSULTING**
**CORPORATION, INC.,**
**d.b.a. IPS Leads,**
**d.b.a. Senior Leads,**

      **Defendants.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, Diana Mey, by and through her attorney, Benjamin Sheridan, of the law firm of Klein and Sheridan, LC, and hereby states as follows:

### I. PRELIMINARY STATEMENT

In 1991, Congress enacted the Telephone Consumer Protection Act of 1991, (hereinafter "TCPA"), to regulate telemarketing. Among other things, the TCPA prohibits telemarketers from calling cellular phones and residential numbers registered with on the National Do Not Call List, using an autodialer and/or leaving re-recorded messages, without prior express consent.

Per the TCPA, businesses that place calls to prohibited numbers, as well as businesses on whose behalf the calls are made, are liable for violating the Act.

This action arises out of the facts and circumstances surrounding telemarketing calls made to the Plaintiff's cellular phones. Here, Defendant and its agents colluded to initiate a telemarketing campaign to Plaintiff that she neither wanted nor needed, and placed calls to Plaintiff's wireless number, using an auto dialer, and without prior express written consent.

1

Plaintiff institutes this action for statutory damages against the Defendant and the costs of this action against Defendant for violations of the Telephone Consumer Protection Act 47 U.S.C. 227 et seq, and the West Virginia Credit and Consumer Protection Act (hereinafter "WVCCPA") §46A-1-101 et seq.

## II. STATUTORY STRUCTURE *TCPA*

1. The *Telephone Consumer Protection Act, 47 U.S.C. 227* ("*TCPA*") amended the *Federal Communications Act 47 U.S.C. 151, et seq.* ("*FCA*") to address the uses of automatic telephone dialing systems, artificial or prerecorded voice messages, SMS text messages reviewed by cell phones, and the use of fax machines to send unsolicited advertisements.

2. Under the *TCPA* "automatic telephone dialing system" (hereinafter "ATDS") means equipment which has the capacity-

    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

    (B) to dial such numbers. See, *47 U.S.C. 227 (a)(1)*.

3. Under the *TCPA*, it is unlawful to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice message to any telephone number registered on the National Do Not Call List, assigned to the a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

4. Under the *TCPA*, a person or entity may, if otherwise permitted by the laws of the rules of the court of a State, bring in an appropriate court of that State:

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

5. If the court finds that the defendant willfully or knowingly violated this subsection, or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. 47 *U.S.C. 227 (b)(3)*.

### III. STATUTORY STRUCTURE *WVCCPA*

6. The West Virginia Consumer and Credit Protection Act incorporates elements of the Uniform Consumer Credit Code, the National Consumer Act, and other West Virginia statutes. *Cadillac v. Tuscarora Land Co.,* 412 S.E. 792, 794 (W. Va 1991). The WVCCPA addresses telemarketing solicitations, among other consumer issues.

7. Under the WVCCPA, it is unlawful for a telemarketer to initiate an outbound telephone call to a person when that person has previously stated that he or she does not wish to receive an outbound telephone call made by or on behalf of the telemarketer whose goods or services are being offered. See, *W. Va. Code* §46A-6F-601(3).

8. Under the WVCCPA, a person or entity may bring in an action in an appropriate court of that State:

   a. an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

b.  an action to recover actual monetary loss from such a violation, and in addition, a right to recover from the violator a penalty in the amount of not less than $300 and not more than $3,000. *W. Va. Code* §46A-6F-701(a),

c.  in any action brought under this article where damages are awarded to a consumer, the court may adjust the damages to account for inflation from the first day of July 1998. To the time of the award of damages, in an amount determined by the application of data from the consumer price index. Consumer price index means the last consumer price index for all consumers published by the United States department of labor. *W. Va. Code* §46A-6F-701(e),

d.  all such actions.

### IV. PARTIES, JURISDICTION, AND VENUE

Plaintiff sues Defendant and further alleges as follows:

9.  Plaintiff Diana Mey is a resident of Ohio County, West Virginia and domiciled therein.

10. Defendant Stay Safe Alert Inc. (Stay Safe) is a foreign for-profit company with a principal place of business at 290 W 300 S, Logan, UT  84321, and doing business in Ohio County, WV.  Material events occurred in Ohio County, West Virginia with respect to the Plaintiff.

11. Defendant My Medical Alert, LLC (My Medical Alert) is a foreign for-profit company with a principal place of business at 178 Commission Street, Southington, CT 06489, and doing business in Ohio County, WV.  Material events occurred in Ohio County, West Virginia with respect to the Plaintiff.

12. Defendant ECOMM Consulting Corporation, Inc. d.b.a IPS Leads, d.b.a. Senior Leads (IPS Leads) is a foreign for-profit corporation with its principle place of business at 21505

4

Berwhich Run, Estero, FL  33928-6238, and doing business in Ohio County, WV.  All material events occurred in Ohio County, West Virginia with respect to the Plaintiff.

13. Jurisdiction is conferred on this Court by 28 U.S.C. 1331.

14. Venue is this Court is proper in that the Defendant transacts business here and the conduct underlying the complaint occurred in Ohio County, West Virginia.

## V. ALLEGATIONS

15. Plaintiff was assigned cellular numbers ending in 7346, 9200 and 1607 by her cell phone provider.

16. Plaintiff's cellular phone numbers have been continuously registered on the National Do Not Call Registry.

17. Plaintiff is a consumer under the relevant definitions of both the TCPA and the WVCCPA.

18. On 2/8/17 at 9:39 AM, Mrs. Mey received a call from Defendant Stay Safe. using an ATDS from CID 336-693-3608 to her wireless ending in 7346.  Defendant disconnects before Plaintiff can speak with them.

19. On 2/10/17 at 12:05 PM, Mrs. Mey received a call Defendant Stay Safe using an ATDS from CID 336-692-3608 to her wireless ending in 7346.  Defendant disconnects.

20. On 2/14/17 at 5:02 PM, Mrs. Mey received a call from Defendant Stay Safe's agent "Ronnie" using an ATDS from CID 828-994-2873 to her wireless ending in 7346.

21. On 2/14/17 at 5:19 PM, Mrs. Mey received a call from Defendant Stay Safe's agent "Ronnie" from CID 828-994-2873 to her wireless ending in 7346.  The purpose of Defendant' call was to sell Mrs. Mey a Personal Emergency Response System ("PERS").  Mrs. Mey tells "Ronnie" to stop calling.

22. On 2/20/17 at 5:19 PM, Mrs. Mey received a call from Defendant Stay Safe using an ATDS from CID 828-994-2873 to her wireless ending in 7346. Defendant disconnects.

23. On 2/22/17 at 9:56 AM, Mrs. Mey received a call from Defendant Stay Safe using an ATDS from CID 828-994-2873 to her wireless ending in 7346.

24. Mrs. Mey purchases a PERS device from Defendant Stay Safe on 2/22/17 to determine the company's true identity.

25. Mrs. Mey cancels the order on 2/22/17 at 4:07 PM by calling the phone number provided for Defendant Stay Safe in addition to requesting a refund, pursuant to Stay Safe Alert Inc's. policy and WV Code §46A-6F-402. Stay Safe's agent "Brian" says he will cancel the order.

26. On 2/22/17 at 5:15 PM, Mrs. Mey received a call from Defendant Stay Safe from CID 828-994-2873 to her wireless ending in 7346. Mrs. Mey was on the line with another call when this call came in as "Call Waiting".

27. On 2/23/17 Mrs. Mey received a text notification from her credit card company American Express of a possible fraudulent attempt to debit her card by Stay Safe Alert Inc.

28. On 2/24/17 a debit of $39.95 is charged to Mrs. Mey's American Express account by Stay Safe Alert, Inc.

29. Plaintiff has no prior business relationship with Defendant Stay Safe.

30. Plaintiff did not sign up for an account with or for Defendant Stay Safe, or through Defendant's agents or affiliates.

31. Plaintiff never gave Defendant Stay Safe, Defendant's agent or affiliates, express or other consent to be called with an ATDS.

32. Defendant Stay Safe called Plaintiff with an ATDS to her cell phone despite that phone number being continuously listed on the Do Not Call Registry.

33. Defendant Stay Safe used a computer system and ATDS machine to place calls to Plaintiff's cellular phone.

34. Defendant Stay Safe made telephone solicitations to Plaintiff by initiating calls to Plaintiff's wireless line with the intent and purpose of selling consumer services. *W. Va. Code* §46A-6F-112.

35. Defendant Stay Safe is a telemarketer. *W. Va. Code* §46A-6F-113.

36. By calling a number registered with the National Do Not Call Registry, Defendant caused a telephone to ring repeatedly and continuously, with intent to annoy, abuse, oppress or threaten Plaintiff.

37. In order to identify the companies calling her, Plaintiff purchased Defendant Stay Safe's PERS device on Plaintiff's American Express credit card.

38. On February 22, 2017 a debit from Stay Safe appeared on Plaintiff's credit card in the amount of $39.95.

39. On February 22, 2017 Plaintiff called the phone number associated with Stay Safe that appeared on her American Express credit card and Plaintiff informed Defendant Stay Safe's agent Brian that she changed her mind and did not want to purchase the product. Brian identified the company he works for as Stay Safe Alert. Brian informed Plaintiff that he would have the call center cancel the order for her.

40. Stay Safe thereafter attempted to charge Plaintiff's American Express card another $10 which was blocked by American Express' fraud department.

41. Plaintiff also disputed the $39.95 charge with American Express as Stay Safe failed to reverse the charge as agent Brian said they would.

42. Despite having requested on 2/22/17 that the transaction be cancelled, on or about February 27, 2018, Plaintiff received the PERS unit in the mail from Stay Safe.

43. Plaintiff sent an inquiry letter to Stay Safe but Stay Safe did not respond. Instead, Marcus Tovar from IPS Leads an "E-Comm Consulting Inc. Company" responded.

44. In the letter dated March 9, 2017, Marcus Tovar stated that IPS Leads does the majority of the marketing work for Stay Safe and that Stay Safe does absolutely zero telemarketing, except to the extent they have folks on an "opt-in" call list.

45. Plaintiff never opted in to any marketing calling lists with any of the Defendants in this matter.

46. Mr. Tovar represented that his goal was to scrub Plaintiff off of every call list they have.

47. Upon information and belief, IPS Leads was the party making all of the calls to Plaintiff on behalf of Defendant Stay Safe.

48. Upon information and belief, IPS Leads managed the autodialer computer system that was used to call Plaintiff.

49. Plaintiff sent a forty-five-day notice to cure to Defendants Stay Safe and IPS Leads. Both parties signed for the letter, but neither party responded.

50. On 8/5/17 at 11:14 a.m. Plaintiff received a call from Defendant My Medical Alert's agent "David" using an ATDS from Caller ID 217-589-7456 to her wireless ending in 7346.

51. On 7/19/18 at 11:49 a.m. Plaintiff received a call from Defendant My Medical Alert using an ATDS from Caller ID 806-422-1215 to her wireless ending in 9200. When Plaintiff answered the call, there was no one on the line.

52. On 7/19/18 at 11:49 a.m. Plaintiff received a call from Defendant My Medical Alert's agent "Kate" using an ATDS from Caller ID 806-422-1215 to her wireless ending in 1607.

53. Upon information and belief, the phone numbers 217-589-7456 and 806-422-1215 were spoofed or inaccurate numbers as defined by *West Virginia Code* § 46A-6F-501 (9).

54. Plaintiff purchased a "PERS" device from Defendant My Medical Alert on 7/19/18 to determine the company's true identity.

55. On 7/19/18 at 12:25 p.m. a debit of $49.95 is charged to Plaintiff's Citicard Master Card by My Medical Alert.

56. On 7/19/18 at 12:26 p.m. Plaintiff calls the number provided by My Medical Alert and cancels the order.

57. Defendant's representative "John Zambetti" tells Plaintiff he will cancel the order.

58. On 7/19/18 at 1:09 p.m. Plaintiff received a call from Defendant My Medical Alert's agent "Alfred" using an ATDS from Caller ID 806-422-1215 to her wireless ending in 9200. Plaintiff tells "Alfred" to stop calling.

## VI. COUNT ONE

### (Violations of the West Virginia Consumer Credit and Protection Act)

59. The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

60. The Defendants have engaged in repeated violations of the WVCCPA, including but not limited to:

    a. Engaging Plaintiff repeatedly or continuously with behavior a reasonable person would deem to be annoying, abusive, or harassing in violation of *W. Va. Code* §46A-6F-601(2);

b. Initiating an outbound telephone call to Plaintiff when Plaintiff had previously stated that she did not wish to receive outbound telephone calls made by or on behalf of the telemarketer whose goods or services were being offered in violation of *W. Va. Code* §46A-6F-601(3);

c. Engage in any other unfair or deceptive conduct which will create a likelihood of confusion or misunderstanding to any reasonable consumer in violation of *W. Va. Code* §46A-6F-501;

d. Calling the Plaintiff from misleading or inaccurate caller identification numbers in violation of *W. Va. Code* §46A-6F-501 (9).

e. Using a computer, with the intent to harass or abuse the Plaintiff, and to make contact with the Plaintiff after being requested by the Plaintiff to desist in violation of *W. Va. Code* §61-3C-14(a).

f. It is an unfair and deceptive act and sales practice to call someone unsolicited on their telephone when they have requested through the Do Not Call registry not to receive calls in violation of *W. Va. Code* §46-6-104. Defendant's committed an unfair and deceptive act and practice by doing so.

g. It is an unfair and deceptive act and practice to bill someone's credit card who has requested you not bill the credit card. Defendant Stay Safe violated *W. Va. Code* §46-6-104 when it ignored Ms. Mey's request not to bill her credit card and then tried to bill another $10.

h. It was an unfair and unconscionable means to collect a payment through Ms. Mey's credit card when she requested the transaction be cancelled and the transaction

occurred as a result of an unsolicited phone call to her residence in violation of *W. Va. Code* §46-2-128

i.  It was fraudulent, deceptive, and misleading for Defendant Stay Safe to represent to Plaintiff that they would reverse the charge for the product she purchased merely to identify them, and they went ahead and charged her credit card anyway in violation of *W. Va. Code* §46-2-127.

61. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## VII. COUNT TWO

### (Violations of the Telephone Consumer Protection Act)

62. Plaintiff repeats, re-allege, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the *TCPA* include, but are not limited to, the following:

j.  The actions of the Defendants have violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an ATDS or artificial or prerecorded voice without the prior express written consent of the Plaintiff.

k.  Alternatively, Defendants have violated the *TCPA* by placing calls to the Plaintiff on Plaintiff's cellular telephone using an ATDS or artificial or prerecorded voice after the Plaintiff revoked any permission of the Defendants to place such calls.

l.  The foregoing violations of the *TCPA* were committed willfully or knowingly by the Defendants or its agents.

m.  Plaintiff's privacy was invaded by Defendants;

n.  Plaintiff was harassed and abused by Defendants' telephone calls;

11

o.  Defendants' calls upset Plaintiff emotionally;

p.  Plaintiff's cell phone was unavailable for use while processing the illegal calls from Defendants;

q.  Defendants illegally sized Plaintiff's cellular telephone line while they made illegal calls to Plaintiff's cellular telephone;

r.  Plaintiff's cellular telephone line was occupied by multiple unauthorized calls from Defendants;

s.  Defendants' seizure of Plaintiff's cellular telephone line was intrusive; and

t.  Plaintiff was inconvenienced by, among other things, hearing her cell phone ring, having to check the calling party and having to delete messages left by Defendants;

u.  As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## VIII. COUNT THREE

### (Violations of the West Virginia Computer Crime and Abuse Act)

63.  The Plaintiff incorporates the preceding paragraphs as if set forth fully herein.

64.  The Plaintiff is a "person" as defined by *W. Va. Code* §61-3C-3(n) as Plaintiff is a "natural person."

65.  Each Defendant is a "person" as defined by *W. Va. Code* §61-3C-3(n), as Defendant is a natural person, or a "limited partnership, trust association or corporation."

66.  Defendant, with the intent to harass, used an "electronic communication device" as defined by *W. Va. Code* §61-3C-14(a) to make contact with the Plaintiff after being requested by the Plaintiff to desist from contacting the Plaintiff in violation of *W. Va. Code* §61-3C-

12

14a(a)(2).

67. The Plaintiff, as a result of this contact by Defendant, was injured by these violations of the WVCCAA as set forth above and is entitled to civil relief in court.

68. Plaintiff seeks compensatory damages for injuries as provided by *W. Va. Code* §61-3C-16(a)(1) and punitive damages pursuant to *W. Va. Code* §61-3C- 16(a)(2).

69. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## VII. COUNT FOUR

### (Common Law Invasion of Privacy)

70. Plaintiff repeats, re-allege, and incorporates by reference the foregoing paragraphs. The Defendant's violations include, but are not limited to, the following:

   a. The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls. The acts of the Defendant in placing telephone calls to Plaintiff's telephone number invaded, damaged and harmed Plaintiff's right of privacy.

   b. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

   c. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## VIII. COUNT FIVE

### (Common Law Negligence)

71. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

72. Defendants negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the TCPA as alleged in Counts I and II.

73. As a result of the Defendants' actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## IX. RELIEF SOUGHT

Plaintiff requests the following relief:

74. That Defendant be restrained from engaging in future telemarketing and other violations of the TCPA, WVCCPA, and the WVCCAA.

75. That Defendant, its agents, and anyone acting on its behalf, be immediately restrained from altering, deleting, or destroying any documents or records relating to this matter.

76. That Plaintiff be awarded statutory damages of $500 for each negligent violation of the TCPA, and $1,500 for each knowing violation.

77. That Plaintiff be awarded full statutory damages for each violation of the WVCCPA and attorney fees.

78. Statutory damages in the maximum amount authorized by *W. Va. Code* §46A-6F-701(a), and as adjusted for inflation pursuant to *W. Va. Code* §46A-6F-701(e) for all such violations that occurred up to the date and time of the filing of this complaint;

79. The Plaintiff be granted actual, general, compensatory, and punitive damages for Defendants' conduct.

14

**WHEREFORE**, Plaintiff seeks judgment against Defendant for actual, general, compensatory, and punitive damages and statutory damages, reasonable attorney fees and costs, injunctive relief, and such other and further relief that the Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

DIANA MEY
BY COUNSEL

BY:    /s/Benjamin M. Sheridan
       Benjamin M. Sheridan (# 11296)
       *Counsel for Plaintiff*
       Klein & Sheridan, LC
       3566 Teays Valley Road
       Hurricane, WV 25526
       (304) 562-7111
       Fax: (304) 562-7115

15